# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,

                        Plaintiffs,                      Index No: 514670/2021

    - against -

GRAND LUX CAFÉ, LLC.,

                        Defendant.
------------------------------------------------------------------------x

### **ATTORNEY'S CERTIFICATION**
### **Section 130.1.1 (22 NYCRR)**

Papers served:

                VERIFIED ANSWER,
                DEMAND FOR VERIFIED BILL OF PARTICULARS,
                NOTICE TO PRODUCE,
                EXPERT WITNESS DEMAND,
                MEDICAL DEMAND,
                DEMAND FOR SOCIAL NETWORKING INFORMAITON,
                DEMAND FOR DAMAGES,
                NOTICE TO TAKE DEPOSITION,
                NOTICE DECLINING SERVICE BY ELECTRONIC TRANSMITTAL
                DEMAND PURSUANT TO SECTION 111 OF THE MMSEA,
                NOTICE TO PRODUCE PHOTOGRAPHS,
                NOTICE FOR DISCOVERY AND INSPECTION OF INCOME TAX AND
                EMPLOYMENT RECORDS,
                NOTICE FOR DISCOVERY AND INSPECTION FOR COLLATERAL
                SOURCE REIMBURSEMENT,
                DEMAND FOR WORKERS' COMPENSATION RECORDS,
                NOTICE OF DISCOVERY AND INSPECTION OF BIRTH CERTIFICATE,
                DEMAND FOR STATEMENTS

                      Yours, etc.

BY:           _____

                      BELLA I. PEVZNER, ESQ.
                      SOBEL PEVZNER, LLC
                      ***Attorneys for Defendant***
                      **GRAND LUX CAFÉ, LLC.**
                      30 Vesey Street, 8th Floor
                      New York, New York 10007
                      (212) 216-0020

TO: RYAN D. RAYDER, ESQ.
   BARRY, MCTIERNAN & MOORE LLC
   *Attorney for Plaintiffs*
   **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
   101 Greenwich Street, 14th Floor
   New York, New York 10006
   (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,         Index No.: 514670/2021

                                    Plaintiffs,

     - against -
                                               **VERIFIED ANSWER**

GRAND LUX CAFÉ, LLC.,

                                    Defendant.
-------------------------------------------------------------------------x
SIRS:

        The Defendant, GRAND LUX CAFÉ, LLC., by and through its attorneys, SOBEL

PEVZNER, LLC, answers the Verified Complaint of the Plaintiffs, PHEDRA SCHLIEFER-

TOBIAS AND ROHAN TOBIAS, upon information and belief as follows:

## BACKGROUND

        1.      Defendant denies having knowledge or information sufficient to form a belief as

to each and every allegation contained in paragraph "1" of the Plaintiffs' Verified Complaint.

        2.      Defendant denies each and every allegation contained in paragraphs "2", "3", "4",

"5", "6", "7", "8", "9", "10", "11", "15" and "17" of Plaintiffs' Verified Complaint except

admits that Defendant, GRAND LUX CAFÉ, LLC., operated an establishment located at 630

Old Country Road Garden City, NY 11530.

        3.      Defendant denies each and every allegation contained in paragraph "12" of the

Plaintiffs' Verified Complaint and refers all questions of law to this Honorable Court.

        4.      Defendant denies each and every allegation contained in paragraphs "13", "14",

and "16" of Plaintiffs' Verified Complaint except admits that Defendant, GRAND LUX CAFÉ,

LLC., is a foreign limited liability company authorized to conduct business in the State of New

York.

## AS AND FOR A FIRST CAUSE OF ACTION

5.      Answering Defendant repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" with the same force and effect as though fully set forth herein in response to paragraph "18" of the Plaintiffs' Complaint.

6.      Defendant denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "19" of the Plaintiffs' Verified Complaint.

7.      Defendant denies each and every allegation contained in paragraphs "20", "21", "22", "23", "24", "25", "26", "27" and "28" of the Plaintiffs' Verified Complaint.

8.      Defendant denies each and every allegation contained in paragraph "29" of the Plaintiffs' Verified Complaint and refers all questions of law to this Honorable Court.

## AS AND FOR A SECOND CAUSE OF ACTION

9.      Answering Defendant repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as though fully set forth herein in response to paragraph "30" of the Plaintiffs' Complaint.

10.     Defendant denies each and every allegation contained in paragraph "31" of the Plaintiffs' Verified Complaint and refers all questions of law to this Honorable Court.

11.     Defendant denies each and every allegation contained in paragraph "32" of the Plaintiffs' Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.     That if the Plaintiffs sustained the injuries and damages alleged in the Complaint, the same were wholly caused by the culpable conduct of and/or assumption of the

risk of the Plaintiffs and the Defendant are entitled to judgment dismissing the Verified Complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.    That the damages allegedly suffered by the injured Plaintiffs were caused in whole or in part by the culpable conduct of the injured Plaintiffs themselves. The Plaintiffs' claim is therefore barred or diminished in the proportion that such culpable conduct of the injured Plaintiffs bear to the total culpable conduct causing the damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.    Defendant reserves its right to move to transfer venue in this matter based on the CPLR § 503 and under theory of forum non conveniens pursuant to CPLR § 503.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15.    The injured Plaintiffs, if they may have sustained any injuries at the time and place, and upon the occasion mentioned in the Verified Complaint, assumed the risk of sustaining same under the conditions and circumstances then existing and obvious.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.    In the event Plaintiffs recover a verdict or judgment against this Defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545 (c) by those amounts which have been or will, with reasonable certainty, replace or indemnify Plaintiffs in whole or in part, for any past future claimed economic loss, from any collateral source such as insurance, social security, Workers' Compensation or employee benefit programs.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.  If the Plaintiffs prevails at trial, then the Defendant intends to ask the Court to reduce any award to the Plaintiffs for loss of earnings, or impairment of earning ability, in accordance with New York Civil Practice Law and Rules § 4546.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18.  That the Court has no personal jurisdiction over the defendant.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

19.  Plaintiffs has failed to name all necessary and indispensable parties as required by CPLR § 1001.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

20.  Plaintiffs and her agents and/or representatives knew or could and/or should have discovered any and all apprehended the dangers and/or avoided the damages and could and/or should have avoided damages but failed to do so.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

21.  That the Plaintiffs' accident was caused by and/or occurred as a result of the Plaintiffs' own reckless and/or negligent conduct.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

22.  Any and all damages, including injuries, surgery, pain and/or suffering were caused in the entirety or in part by Plaintiffs.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

23.  The damages claimed by Plaintiffs, which is expressly denied, were not proximately caused by the Defendant.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

24.      The Plaintiffs has failed to state a cause of action against Defendant.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

25.      In the event that during or as a result of discovery, facts is disclosed or otherwise revealed that support an affirmative defense not pled, then Defendant reserves its right and do not waive its right to plead said affirmative defense.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

26.      Upon information and belief that the cause or causes of action set forth in the Complaint did not accrue, nor did any part thereof accure, within the appropriate statutory period and this action is, therefore barred by the Statute of Limitations.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

27.      Defendant was not properly served with the Summons and Complaint.  Therefore, the Court lacks personal jurisdiction over the defendant.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

28.      Answering defendant reserves its rights to plead any additional Affirmative Defenses as they become known or available during the pendency of this litigation.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

29.      Upon information and belief, the incident complained of in the plaintiff's Verified Complaint was proximately caused by the misuse, abuse and/or alteration of the premises by plaintiff and her sole conduct in her misuse, and careless and reckless conduct even after being specifically cautioned and not any act or omission of the answering defendant.

**WHEREFORE**, the Defendant, GRAND LUX CAFÉ, LLC., demands judgment dismissing the Verified Complaint in its entirety, or in the alternative, for judgment diminishing the damages recoverable by the Plaintiffs herein, in proportion to the culpable conduct and negligence attributable to the Plaintiffs, together with the costs and disbursements of this action.

Dated:  New York, New York
       July 8, 2021

Yours, etc.

BY: _____

BELLA I. PEVZNER, ESQ.
SOBEL PEVZNER, LLC
*Attorneys for Defendant*
**GRAND LUX CAFÉ, LLC.**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020

TO:   RYAN D. RAYDER, ESQ.
      BARRY, MCTIERNAN & MOORE LLC
      *Attorney for Plaintiffs*
      **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
      101 Greenwich Street, 14th Floor
      New York, New York 10006
      (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x

PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,          Index No.: 514670/2021

                                    Plaintiffs,

                                                        **VERIFICATION**

        - against -

GRAND LUX CAFÉ, LLC.,

                                    Defendant.
-------------------------------------------------------------------------x

        I, BELLA I. PEVZNER, an attorney admitted to practice in the Courts of New York

State, state that I am the attorney for the Defendant in the within action; I have read the

foregoing VERIFIED ANSWER and know the contents thereof; the same is true to my own

knowledge, except as to the matters therein alleged to be on information and belief, and as to

those matters I believe it to be true.  The reason this verification is made by me and not by

Defendant, is that the Defendant's principal place of business is in a County other than the

County wherein I maintain my office.

    The grounds of my belief as to all matters not stated upon my own knowledge is as follows:

Contents of file which constitutes attorney's work product.

        I affirm that the foregoing statements is true, under penalties of perjury.

Dated:          New York, New York
                July 8, 2021


                                        _____
                                        BELLA I. PEVZNER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,
     Index No.: 514670/2021

                       Plaintiffs,                     **DEMAND FOR VERIFIED**
                                                     **BILL OF PARTICULARS**

   - against -

GRAND LUX CAFÉ, LLC.,

                       Defendant.
-------------------------------------------------------------------x
**C O U N S E L O R S :**

     **PLEASE TAKE NOTICE** that pursuant to the Sections 3041 through 3044 of the Civil

Practice Law and Rules of the State of New York, you is hereby required to serve upon the

undersigned a Verified Bill of Particulars pursuant to the following demand:

1.     State the date and time of day of the occurrence.

2.     State the exact location of the occurrence, setting forth distances and directions of fixed
        landmarks to permit identification; and the direction in which each vehicle involved was
        traveling.

3.     State how it is claimed the accident occurred.

4.     State all of the acts and/or omissions constituting the negligence claimed, identifying
        which acts is attributable to the Defendant.

5.     State any and all laws, rules, regulations and ordinances that is claimed to be either
        applicable to the occurrence or that have been violated by the Defendant.

6.     a.     If actual notice is claimed, state when, where and to whom such notice was given
             and whether such notice was oral or in writing.

         b.     If it is claimed that constructive notice is chargeable to the Defendant, state
             exactly how long it is claimed the dangerous condition existed prior to the time of
             the accident.

7.      State the nature and extent of all injuries claimed.

8.      Specify those injuries claimed to be permanent.

9.      Accurately state the length of time the Plaintiffs was confined to bed.

10.     Accurately state the length of time the Plaintiffs was confined to home.

11.     State the name and address of each and every hospital, clinic, or institution where any treatment or examination was rendered and the length of time, if any, the Plaintiffs was confined there.  If not confined to any hospital, so state.

12.     If it is claimed that the Plaintiffs was treated by any physician other than one at a hospital or clinic as listed in response to demand # 12, supra., give the name and address of each such treating physician.  Accurately state the number of visits it is claimed that Plaintiffs made to each such physician.

13.     State the names and addresses of any witnesses to the occurrence complained of in the Verified Complaint.

14.     a.      State the occupation of the Plaintiffs at the time of the alleged accident and average daily, weekly, or monthly earnings;

        b.      State the nature of the Plaintiffs's employment at the time of the alleged incident.

15.     State the length of time incapacitated from employment.  If none, so state.

16.     State the nature and/or type of work customarily performed by the Plaintiffs.

17.     If self-employed, state the nature of the self-employment and the business address.

18.     State the total amounts claimed as loss of earnings, including a detailed statement as to how such lost earnings were computed.

19.     If the Plaintiffs was a student, give the name and address of the school attended, at or about the time of the alleged incident, and accurately state the length of time incapacitated from attending said school.

20.     a)      State whether Plaintiffs, as a result of this alleged personal injury, has received or will receive payment by a collateral source of any of his economic loss including but not limited to all hospital and medical expenses and lost earnings or benefits).

        b)      If so, state by what collateral source same were paid, (including, but not limited to, insurance, social security, workers compensation, unemployment or employee benefits) and provide documentation.

      c)      If it is claimed that any economic loss was not paid by any collateral sources, please itemize and provide documentation of same.

      d)      Please itemize any offset claimed by CPLR §4545(c) and provide documentation of same.

21.      State the total amounts claimed as special damages for:

      a.      Physicians expenses
      b.      Medical expenses
      c.      Therapists and Chiropractic expenses
      d.      Nurses expenses
      e.      Hospital expenses
      f.      Any other expenses which it is claimed resulted from this alleged incident.

22.      State the residence address, social security number and date of birth of the Plaintiffs.

      **PLEASE TAKE FURTHER NOTICE**, that if the above demand is not complied with within the next twenty (20) days, an application will be made to preclude the Plaintiffs from offering any evidence thereof upon the trial of this action, pursuant to the aforementioned rules.

Dated:  July 8, 2021           Yours, etc.
        New York, New York

                      BY:     ***BELLA I. PEVZNER, Esq.***
                              BELLA I. PEVZNER, ESQ.
                              SOBEL PEVZNER, LLC
                              ***Attorneys for Defendant***
                              **GRAND LUX CAFÉ, LLC.**
                              30 Vesey Street, 8th Floor
                              New York, New York 10007
                              (212) 216-0020

TO:    RYAN D. RAYDER, ESQ.
        BARRY, MCTIERNAN & MOORE LLC
        ***Attorney for Plaintiffs***
        **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
        101 Greenwich Street, 14th Floor
        New York, New York 10006
        (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,          Index No.: 514670/2021

                      Plaintiffs,          **NOTICE TO PRODUCE**

    - against -

GRAND LUX CAFÉ, LLC.,

                      Defendant.
------------------------------------------------------------------------x

**C O U N S E L O R S :**

    **PLEASE TAKE NOTICE** that pursuant to Section 3101 et seq., of the Civil Practice Law

and Rules, the undersigned hereby demands that the following be produced at the offices of

SOBEL PEVZNER, LLC, 30 Vesey Street, 8th Floor , NY 11746 within twenty (20) days of the

date of the service of this demand:

    1.    The names and addresses of all persons claimed by the Plaintiffs to have either witnessed the occurrence or have first-hand knowledge of same, or who have first-hand knowledge of facts and circumstances regarding this occurrence, whether such names were obtained by the Plaintiffs at the scene of the occurrence or were obtained thereafter by Plaintiffs's attorneys or representatives. If no such persons is known to the Plaintiffs or representatives, so state in a written reply to this demand. See Zellman v. Metropolitan Transportation Authority, 40 A.D.2d 248, 339 N.Y.S.2d 255.

    2.    The names and addresses of all persons the Plaintiffs claims to be notice witnesses, whether obtained at the occurrence or any time thereafter, and regardless of how obtained.

    3.    The names and addresses of any witnesses Plaintiffs intends to call during the damages phase of the trial of this litigation.

    4.    The original or a clear, full and complete legible copy of any statement of the party or parties represented by the undersigned in the possession of any other party, attorney or their representatives in this action. Such statements is deemed to include, but is not limited to, written statements, whether signed or unsigned, and oral statements which have been recorded, whether previously transcribed or not.

5. Photographs, videos, surveillance videos/tapes under the control of any other party, their attorneys or representatives depicting:

   a) the product, device or instrumentality which allegedly caused the injuries and damages alleged in the Verified Complaint;

   b) the condition of the alleged accident sites as it existed immediately prior to, during and/or following the alleged occurrence.

   c) depicting Plaintiffs's injuries.

6. A list of all attorneys who have appeisd in this action, together with the party or parties each such attorney represents sufficient to permit service of papers upon said attorneys and/or parties pursuant to C.P.L.R. 2103.

7. Duly acknowledged and written authorizations directed to the appropriate party/business/employer of the Plaintiffs to allow the Defendant to obtain the employment records compiled on the Plaintiffs, for the time period from one (1) year prior to the date of the occurrence in question, through the present.

8. Federal Income Tax Returns and a duly executed Department of the Treasury, Internal Revenue Service, Form 4506, including the Plaintiffs's Social Security number permitting the undersigned attorneys to obtain the Plaintiffs's Federal Income Tax returns for three years prior to the subject occurrence until the present.

9. Plaintiffs's identify any collateral source that reimbursed, replaced or indemnified or will reimburse, replace or indemnify in whole or in part the cost of the items for medical cis, dental cis, custodial cis or rehabilitation services, loss of earnings or other economic loss.

10. Plaintiffs furnish authorizations directing the release of all records pertaining to the reimbursement, replacement or indemnification of the costs of those items listed in paragraph "9" by collateral sources.

**PLEASE TAKE FURTHER NOTICE** that if the Plaintiffs or Plaintiffs' representatives obtain the names and/or addresses of any of the witnesses sought herein, such information is to be furnished to the undersigned attorneys, who deem this to be a continuing demand. The undersigned attorneys will object at the time of trial to the testimony of any person whose identity is sought by this demand who is not so identified.

**PLEASE TAKE FURTHER NOTICE** that a written communication enclosing the aforementioned information may be sent to the undersigned attorneys prior to the above-mentioned response time limit in lieu of a personal appearance.

Dated:  July 8, 2021
New York, New York

Yours, etc.

BY:  ***BELLA I. PEVZNER, Esq.***
BELLA I. PEVZNER, ESQ.
SOBEL PEVZNER, LLC
*Attorneys for Defendant*
**GRAND LUX CAFÉ, LLC.**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020

TO:  RYAN D. RAYDER, ESQ.
BARRY, MCTIERNAN & MOORE LLC
*Attorney for Plaintiffs*
**PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
101 Greenwich Street, 14th Floor
New York, New York 10006
(212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,      Index No.: 514670/2021

                  Plaintiffs,

     - against -                          **EXPERT WITNESS**
                                              **<u>DEMAND</u>**

GRAND LUX CAFÉ, LLC.,

                  Defendant.
-----------------------------------------------------------------x

**C O U N S E L O R S:**

    **PLEASE TAKE NOTICE** that pursuant to Section 3101(d) of the Civil Practice Law and Rules, request is hereby made upon you to furnish the following within twenty days of service hereof:

1.   The subject matter on which each expert is expected to testify including a specification of the specialty of the expert, and they is of medicine or other isa in which his/her is expected to testify;

2.   The sum and substance of the facts on which the expert is expected to testify, including any hypothetical facts that the expert has been asked to assume;

3.   A recitation of each of the opinions of the expert;

4.   A summary of the grounds for each expert's opinions including a specification of any real evidence, opinion evidence or facts on which each opinion is based;

5.   A recitation of the qualifications of each expert setting forth the following:

     a)  Whether or not the expert is Board Certified and if so, the name of the Certifying Board and the year that the expert was certified;

     b)  The States(s) in which the expert is licensed to practice medicine, or other isa of specialty;

     c)  The State(s) in which the expert regularly practices medicine, or other isa of

specialty;

d) The State in which the expert maintains his regular office for the practice of medicine or other specialty;

e) Any text, article, feature, published letter or other work authored, contributed to or edited by the expert identified by publication, volume number, date or other appropriate identifying matter including title, etc.;

f) The isa of specialization regularly practiced by the expert;

g) The undergraduate school and the year of the graduation of the expert;

h) Any medical schools or other graduate and/or post-graduate and/or professional institutions attended by the expert including the years of attendance and graduation;

i) The internship, residency, fellowship and/or other specialized training of the expert, including years of attendance, institutions attended and years of graduation, if any;

j) Such other qualifications as the expert may possess.

6. With respect to each and every economist, actuary or other non-medical expert state the name and address of each such expert you expect to call as a witness at trial, in addition to the items requested above, also state in reasonable detail:

a) The subject matter of which each expert is expected to testify, including but not limited to projected items of expense, lost earnings or other loss, and present value of projected items;

b) The sum and substance of the facts and opinions on which the expert is expected to testify as to the matters set forth in response to subparagraph (a).

**PLEASE TAKE FURTHER NOTICE** that this demand is continuing and you is

required to respond further when and if expert(s) or additional expert(s) is retained.

Dated:  July 8, 2021
        New York, New York

                            Yours, etc.
                    BY:     **BELLA I. PEVZNER, Esq.**
                            BELLA I. PEVZNER, ESQ.
                            SOBEL PEVZNER, LLC
                            ***Attorneys for Defendant***
                            **GRAND LUX CAFÉ, LLC.**
                            30 Vesey Street, 8th Floor
                            New York, New York 10007
                            (212) 216-0020


TO:     RYAN D. RAYDER, ESQ.
        BARRY, MCTIERNAN & MOORE LLC
        ***Attorney for Plaintiffs***
        **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
        101 Greenwich Street, 14th Floor
        New York, New York 10006
        (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,                    Index No.: 514670/2021

                                    Plaintiffs,              **MEDICAL DEMAND**

        - against -

GRAND LUX CAFÉ, LLC.,

                                    Defendant.
---------------------------------------------------------------x
**C O U N S E L O R S :**

        **PLEASE TAKE NOTICE** that pursuant to the Rules of Court, you is hereby required to

serve upon and deliver to the undersigned the following:

a)      Copies of all medical reports of those physicians who have previously treated or
        examined the party seeking recovery.  This reports shall include a detailed recital
        of the injuries and conditions as to which testimony will be offered at trial,
        referring to and identifying X-Rays taken of the Plaintiffs and technicians reports
        relating thereto.

b)      Duly executed and acknowledged written HIPPA compliant authorizations
        permitting all parties to obtain and make copies of all hospital records and such
        other records, including X-Ray, Magnetic Resonance Imaging and Cat Scan
        records and technician's reports and doctors records, as pertain to the Plaintiffs.

c)      If an exacerbation is being claimed for injury to any body parts alleged in this
        action, and if Plaintiffs has received any medical treatment to those parts of the
        body, provide copies of all medical reports of those physicians who have
        previously treated or examined the party seeking recovery. This reports shall
        include a detailed recital of the injuries and conditions as to which testimony will
        be offered at trial, referring to and identifying X-Rays taken of the Plaintiffs and
        technicians reports relating thereto.

d)      If an exacerbation is being claimed for injury to any body parts alleged in this
        action, and if Plaintiffs has received any medical treatment to those parts of the
        body,  provide duly executed and acknowledge HIPAA Complaint authorizations
        permitting all  parties to obtain and make copies Resonance Imaging and Cat
        Scan records and technician's reports and doctors records, as pertain to the
        Plaintiffs prior to the commencement of this lawsuit to the present date.

e)      Duly executed authorization for all collateral source providers, including but not limited to No-Fault, Workers' Compensation, and/or any other medical coverage provided, regarding prior and/or subsequent injuries sustained to those body parts claimed by Plaintiffs in this action,

f)      Duly executed authorization for all non-privileged portions of any legal file pertaining to any lawsuit commenced by Plaintiffs regarding prior and/or subsequent injuries sustained to those body parts claimed by Plaintiffs in this action, including but not limited to Plaintiffs's Verified Bill of Particulars, Examinations Before Trial Transcripts and medical records.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR, this is a continuing demand and that you is required to serve the demanded information within thirty (30) days of the date of this demand.

If you do not possess the above-requested information, an affidavit to that effect should be submitted.

**PLEASE TAKE FURTHER NOTICE**, that failure to comply with this Demand for Medical/Medicaid information may result in the necessity of a motion to compel discovery accompanied by a request for the appropriate costs.

Dated:   July 8, 2021
       New York, New York

                        Yours, etc.

BY:     ***BELLA I. PEVZNER, Esq.***
                        BELLA I. PEVZNER, ESQ.
                        SOBEL PEVZNER, LLC
                        ***Attorneys for Defendant***
                        **GRAND LUX CAFÉ, LLC.**
                        30 Vesey Street, 8th Floor
                        New York, New York 10007
                        (212) 216-0020

TO:     RYAN D. RAYDER, ESQ.
         BARRY, MCTIERNAN & MOORE LLC
         ***Attorney for Plaintiffs***
         **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**

101 Greenwich Street, 14th Floor
New York, New York 10006
(212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,     Index No.: 514670/2021

                   Plaintiffs,        **DEMAND FOR DAMAGES**

   - against -

GRAND LUX CAFÉ, LLC.,

                  Defendant.
------------------------------------------------------------------------x
**C O U N S E L O R S :**

     **PLEASE TAKE NOTICE,** that the Defendant, GRAND LUX CAFÉ, LLC., hereby

demands that Plaintiffs set forth the nature of and/or exact amount of damages sought, pursuant

to the Verified Complaint, against the Defendant, with specificity as to each cause of action, at

the office and post office address stated below.

Dated:  July 8, 2021
      New York, New York

                   Yours, etc.

         BY:   ***BELLA I. PEVZNER, Esq.***
                   BELLA I. PEVZNER, ESQ.
                   SOBEL PEVZNER, LLC
                   ***Attorneys for Defendant***
                   **GRAND LUX CAFÉ, LLC.**
                   30 Vesey Street, 8th Floor
                   New York, New York 10007
                   (212) 216-0020

TO:   RYAN D. RAYDER, ESQ.
      BARRY, MCTIERNAN & MOORE LLC
      ***Attorney for Plaintiffs***
      **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
      101 Greenwich Street, 14th Floor
      New York, New York 10006
      (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,      Index No.: 514670/2021

                Plaintiffs,

  - against -

                          **NOTICE TO TAKE**
                          **<u>DEPOSITION</u>**

GRAND LUX CAFÉ, LLC.,


                Defendant.
------------------------------------------------------------------------x
**C O U N S E L O R S :**

      **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of the persons indicated below, or where no person is indicated, by an officer or director of each such entity with knowledge regarding the subject matter of this action, as an adverse party will be taken before a Notary Public who is not an attorney, or an employee of an attorney, for any prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the dates and times indicated below, with respect to evidence material and necessary in the prosecution/defense of this action.   That the said persons to be examined is required to produce at such examination all the books, records, documents, letters and memorandum under their possession or control containing any entry, memorandum or other matter in any way relevant to the facts and circumstances of this action; and upon the failure to produce same, parole or secondary evidence thereof will be given.


        WITNESS/PLAINTIFFS:      PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,

        DATE:                Wednesday, December 22, 2021

        TIME:                10:00 A.M and continuing upon conclusion

PLACE:                          KINGS County, at a court reporting office to be
                                designated

Dated:  July 8, 2021
        New York, New York

                                Yours, etc.

                    BY:   ***BELLA I. PEVZNER, Esq.***
                          BELLA I. PEVZNER, ESQ.
                          SOBEL PEVZNER, LLC
                          ***Attorneys for Defendant***
                          **GRAND LUX CAFÉ, LLC.**
                          30 Vesey Street, 8th Floor
                          New York, New York 10007
                          (212) 216-0020

TO:   RYAN D. RAYDER, ESQ.
      BARRY, MCTIERNAN & MOORE LLC
      ***Attorney for Plaintiffs***
      **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
      101 Greenwich Street, 14th Floor
      New York, New York 10006
      (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,          Index No.: 514670/2021

                        Plaintiffs,          **NOTICE DECLINING
SERVICE BY
ELECTRONIC
TRANSMITTAL**

    - against -

GRAND LUX CAFÉ, LLC.,


                        Defendant.
-----------------------------------------------------------------------x

**C O U N S E L O R S :**

    **PLEASE TAKE NOTICE**, that pursuant to CPLR 2103(b)(5), the office of SOBEL

PEVZNER, LLC will not accept service of papers by facsimile (FAX) transmittal or any other

electronic means.

Dated:  July 8, 2021
       New York, New York


                     Yours, etc.
        BY:    ***BELLA I. PEVZNER, Esq.***
                     BELLA I. PEVZNER, ESQ.
                     SOBEL PEVZNER, LLC
                     ***Attorneys for Defendant***
                     **GRAND LUX CAFÉ, LLC.**
                     30 Vesey Street, 8th Floor
                     New York, New York 10007
                     (212) 216-0020

TO:    RYAN D. RAYDER, ESQ.
        BARRY, MCTIERNAN & MOORE LLC
        *Attorney for Plaintiffs*
        **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
        101 Greenwich Street, 14th Floor
        New York, New York 10006
        (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,      Index No.: 514670/2021

                         Plaintiffs,        **DEMAND FOR SOCIAL
NETWORKING
- against -                                  INFORMATION**

GRAND LUX CAFÉ, LLC.,

                         Defendant.
-----------------------------------------------------------------------x
COUNSELORS:

       PLEASE TAKE NOTICE, pursuant to C.P.L.R. §3120, that Plaintiffs is hereby required

to furnish upon the undersigned duly executed and acknowledged authorizations permitting the

undersigned to obtain copies of records from the following providers, and to preserve and

safeguard the same until the completion of litigation, within twenty (20) days of the service of

this demand:

**TWITTER:**

       a)     Authorization for release of all records and photographs to include the
email address associated with the account, username/handle.

       b)     If Plaintiffs has never had a Twitter account, provide an affidavit from
Plaintiffs stating same.

       c)     If Plaintiffs does not have a Twitter account presently, and have not had
one for two years prior to the date of loss, but have had an account in the past, provide an
affidavit to that effect.

**FACEBOOK:**

       a)     Authorization for release of all records and photographs to include the
email address associated with the account, username/handle.

       b)     If Plaintiffs has never had a Facebook account, provide an affidavit from
Plaintiffs stating same.

c)      If Plaintiffs does not have a Facebook account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

## MYSPACE:

a)      Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

b)      If Plaintiffs has never had a MySpace account, provide an affidavit from Plaintiffs stating same.

c)      If Plaintiffs does not have a MySpace account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

## INSTAGRAM:

a)      Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

b)      If Plaintiffs has never had a Instagram account, provide an affidavit from Plaintiffs stating same.

c)      If Plaintiffs does not have a Instagram account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

## VINE:

a)      Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

b)      If Plaintiffs has never had a Vine account, provide an affidavit from Plaintiffs stating same.

c)      If Plaintiffs does not have a Vine account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

## SNAPFISH:

a)      Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

      b)     If Plaintiffs has never had a Snapfish account, provide an affidavit from Plaintiffs stating same.

      c)     If Plaintiffs does not have a Snapfish account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

## LINKEDIN:

      a)     Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

      b)     If Plaintiffs has never had a Linkedin account, provide an affidavit from Plaintiffs stating same.

      c)     If Plaintiffs does not have a Linkedin account presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

## ALL OTHER SOCIAL NETWORKING SITES:

      a)     Authorization for release of all records and photographs to include the email address associated with the account, username/handle.

      b)     If Plaintiffs has never had any other social networking accounts, provide an affidavit from Plaintiffs stating same.

      c)     If Plaintiffs does not have any other social networking accounts presently, and have not had one for two years prior to the date of loss, but have had an account in the past, provide an affidavit to that effect.

**PLEASE TAKE FURTHER NOTICE** that any alteration or destruction of said social media websites would constitute spoliation of evidence.  Please be awis that the laws and rules prohibit destruction of such evidence.  Accordingly, please take every reasonable effort to preserve this information.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any additional information is obtained after the date of this demand, such information is to be furnished to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this demand, the undersigned will seek dismissal of this action and such other relief as the Court may deem just and proper.

Dated:  July 8, 2021
New York, New York

Yours, etc.

BY:   *BELLA I. PEVZNER, Esq.*
BELLA I. PEVZNER, ESQ.
SOBEL PEVZNER, LLC
*Attorneys for Defendant*
**GRAND LUX CAFÉ, LLC.**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020

TO:   RYAN D. RAYDER, ESQ.
BARRY, MCTIERNAN & MOORE LLC
*Attorney for Plaintiffs*
**PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
101 Greenwich Street, 14th Floor
New York, New York 10006
(212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,       Index No.: 514670/2021

                    Plaintiffs,       **DEMAND FOR**
                                                      **MEDICAL/MEDICAID**
    - against -       **INFORMATION**

GRAND LUX CAFÉ, LLC.,

                    Defendant.
-----------------------------------------------------------------------x

     **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the CPLR and 42 USC

§1395y(b)(8)(A), the undersigned attorneys for the Defendant hereby demand that Plaintiffs

furnish within thirty (30) days of service of this notice the following:

     1.     A statement as to whether the Plaintiffs has received benefits from either Medical

or Medicaid at any time, for any reason, not limited to the injuries alleged in the instant action.

If so, please state and/or provide:

          a.     Plaintiffs' full name;
          b.     Plaintiffs' gender;
          c.     Plaintiffs' date of birth;
          d.     Plaintiffs' Social Security number;
          e.     Plaintiffs' residence telephone number;
          f.     The Health Insurance Claim number and/or Medical/Medicaid file
                number;
          g.     The address of the office handling the Plaintiffs' Medical and/or
                Medicaid file;
          h.     A duly executed authorization bearing Plaintiffs' date of birth and
                Social Security Number or Health Insurance Claim Number permitting
                this firm and/or the representatives of Defendant(s) to obtain copies of
                Plaintiffs' Medical and/or Medicaid records.

     2.     State whether Medical and/or Medicaid has a lien and the amount of any such

lien.

3.      Provide copies of all documents, records, memoranda, notes, etc., in Plaintiffs' possession pertaining to Plaintiffs' receipt of Medical and/or Medicaid benefits, including copies of all documents provided to or received from the Medical and/or Medicaid administrator.

4.      If any Medicaid and/or Medical Secondary Payer (MSP) claims exist, please provide a copy of the claim summary from Medical and/or Medicaid regarding those claims.

5.      If the Plaintiffs has not received Medical and/or Medicaid benefits in the past or is not receiving Medical and/or Medicaid benefits now, state whether Plaintiffs is eligible to receive Medical and/or Medicaid benefits.

6.      If Plaintiffs has been receiving Medical and/or Medicaid benefits and is now deceased, please provide the following:

      a.      Relationship of the administrator of Plaintiffs' estate to Plaintiffs' decedent;
      b.      Name and address of Plaintiffs' administrator;
      c.      Telephone number and/or email address of Plaintiffs' administrator;
      d.      Social Security Number of Plaintiffs' administrator;
      e.      An authorization to examine and copy deceased's Medical and/or Medicaid records.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR, this is a continuing demand and that you is required to serve the demanded information within thirty (30) days of the date of this demand.

If you do not possess the above-requested information, an affidavit to that effect should be submitted.

**PLEASE TAKE FURTHER NOTICE**, that failure to comply with this Demand for Medical/Medicaid information may result in the necessity of a motion to compel discovery

accompanied by a request for the appropriate costs.

Dated:  July 8, 2021
        New York, New York

                              Yours, etc.

                       BY:   ***BELLA I. PEVZNER, Esq.***
                              BELLA I. PEVZNER, ESQ.
                              SOBEL PEVZNER, LLC
                              ***Attorneys for Defendant***
                              **GRAND LUX CAFÉ, LLC.**
                              30 Vesey Street, 8th Floor
                              New York, New York 10007
                              (212) 216-0020


TO:   RYAN D. RAYDER, ESQ.
      BARRY, MCTIERNAN & MOORE LLC
      ***Attorney for Plaintiffs***
      **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
      101 Greenwich Street, 14th Floor
      New York, New York 10006
      (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,      Index No.: 514670/2021

                      Plaintiffs,

    - against-                          **NOTICE TO PRODUCE**
                                                      **PHOTOGRAPHS**

GRAND LUX CAFÉ, LLC.,

                      Defendant.
-------------------------------------------------------------------------x

**PLEASE TAKE NOTICE**, that pursuant to Rule 3120 of the Civil Practice Law and Rules, the

undersigned attorneys for the Defendant hereby demand that Plaintiffs furnish within twenty (20)

days of service of this notice the following:

- Any photographs, negatives, blowups, photographic enhancements, enlargements, movies, videotapes, or other visual reproductions of the site of the accident at issues and/or of injuries claimed by the Plaintiffs(s) herein relating to the issues in this matter and/or of the vehicles allegedly involved and/or any other photographs, videotapes or other visual reproductions which any opposing party intends to introduce at trial. Include the date taken and/or modified and name and address of the photographer.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any

additional information is obtained after the date of this demand, such information is to be

furnished to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this

demand, the undersigned will seek dismissal of this action and such other relief as the Court may

deem just and proper.

Dated:  July 8, 2021
       New York, New York

                         Yours, etc.
            BY:    ***BELLA I. PEVZNER, Esq.***
                         BELLA I. PEVZNER, ESQ.
                         SOBEL PEVZNER, LLC

*Attorneys for Defendant*
**GRAND LUX CAFÉ, LLC.**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020


TO:    RYAN D. RAYDER, ESQ.
        BARRY, MCTIERNAN & MOORE LLC
        *Attorney for Plaintiffs*
        **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
        101 Greenwich Street, 14th Floor
        New York, New York 10006
        (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,          Index No.: 514670/2021

                           Plaintiffs,

                                      **NOTICE FOR DISCOVERY AND INSPECTION OF INCOME TAX AND EMPLOYMENT RECORDS**

   - against-

GRAND LUX CAFÉ, LLC.,

                          Defendant.
-------------------------------------------------------------------------x

**PLEASE TAKE NOTICE**, that pursuant to Article 31 of the CPLR, the undersigned attorneys for the Defendant hereby demand that Plaintiffs furnish within twenty (20) days of service of this notice the following:

- The names and addresses of all institutions, firms, corporations, partnerships, persons or others by whom the Plaintiffs was employed by or from whom the Plaintiffs received salary and/or income benefits for the three (3) years prior to Plaintiffs' incapacitation as claimed herein and for one (1) year subsequent.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any additional information is obtained after the date of this demand, such information is to be furnished to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this demand, the undersigned will seek dismissal of this action and such other relief as the Court may

deem just and proper.

Dated:  July 8, 2021
        New York, New York

                                    Yours, etc.
                            BY:     **_BELLA I. PEVZNER, Esq._**
                                    BELLA I. PEVZNER, ESQ.
                                    SOBEL PEVZNER, LLC
                                    **_Attorneys for Defendant_**
                                    **GRAND LUX CAFÉ, LLC.**
                                    30 Vesey Street, 8th Floor
                                    New York, New York 10007
                                    (212) 216-0020

TO:     RYAN D. RAYDER, ESQ.
        BARRY, MCTIERNAN & MOORE LLC
        **_Attorney for Plaintiffs_**
        **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
        101 Greenwich Street, 14th Floor
        New York, New York 10006
        (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x

PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,
                                    Plaintiffs,

    - against-


GRAND LUX CAFÉ, LLC.,



                                    Defendant.
-----------------------------------------------------------------------x

Index No.: 514670/2021

**NOTICE FOR DISCOVERY
AND INSPECTION FOR
COLLATERAL SOURCE
REIMBURSEMENT**

**PLEASE TAKE NOTICE**, that pursuant to Article 31 of the CPLR, the undersigned attorneys

for the Defendant hereby demand that Plaintiffs furnish within twenty (20) days of service of this

notice the following:

- Any and all books, records, bills, insurance applications, insurance receipts, cancelled
  checks, copies of checks and any and all other records pertaining to collateral source
  reimbursement received by Plaintiffs or on behalf of Plaintiffs' special damages
  alleged in the instant lawsuit.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any

additional information is obtained after the date of this demand, such information is to be

furnished to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this

demand, the undersigned will seek dismissal of this action and such other relief as the Court may

deem just and proper.

Dated:  July 8, 2021
        New York, New York

                        Yours, etc.

           BY:   ***BELLA I. PEVZNER, Esq.***
                        BELLA I. PEVZNER, ESQ.
                        SOBEL PEVZNER, LLC

*Attorneys for Defendant*
**GRAND LUX CAFÉ, LLC.**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020

TO:   RYAN D. RAYDER, ESQ.
      BARRY, MCTIERNAN & MOORE LLC
      *Attorney for Plaintiffs*
      **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
      101 Greenwich Street, 14th Floor
      New York, New York 10006
      (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,                    Index No.: 514670/2021

                          Plaintiffs,                       **DEMAND FOR
                                                            WORKERS'
     - against-                                             COMPENSATION
                                                            RECORDS**

GRAND LUX CAFÉ, LLC.,

                          Defendant.
------------------------------------------------------------------------x

**PLEASE TAKE NOTICE**, that pursuant to Article 31 of the CPLR, the undersigned attorneys

for the Defendant hereby demand that Plaintiffs furnish within twenty (20) days of service of this

notice the following:

- The Plaintiffs' complete Workers' Compensation records or provide duly executed authorizations permitting said Defendant to inspect and obtain complete copies of said workers' compensation records of Plaintiffs' employer and the New York State Workers' Compensation Board with respect to the injuries allegedly sustained in the incident which is the subject of the instant lawsuit, including but not limited to complete transcripts of all testimony given.

**PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any

additional information is obtained after the date of this demand, such information is to be

furnished to the undersigned pursuant to said demand.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this

demand, the undersigned will seek dismissal of this action and such other relief as the Court may

deem just and proper.

Dated:  July 8, 2021
            New York, New York

                                      Yours, etc.

                          BY:    ***BELLA I. PEVZNER, Esq.***
                                      BELLA I. PEVZNER, ESQ.

SOBEL PEVZNER, LLC
*Attorneys for Defendant*
**GRAND LUX CAFÉ, LLC.**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020


TO:   RYAN D. RAYDER, ESQ.
      BARRY, MCTIERNAN & MOORE LLC
      *Attorney for Plaintiffs*
      **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
      101 Greenwich Street, 14th Floor
      New York, New York 10006
      (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,          Index No.: 514670/2021

                                   Plaintiffs,                 **NOTICE OF DISCOVERY**
                                                               **AND INSPECTION OF**
          - against-                                           **BIRTH CERTIFICATE**

GRAND LUX CAFÉ, LLC.,


                                   Defendant.
-----------------------------------------------------------------------x

      **PLEASE TAKE NOTICE**, that the Plaintiffs is hereby required to produce for discovery, inspection and copying by counsel for the Defendant copies of the birth certificates of the Plaintiffs in the above captioned matter. It is requested that the aforesaid production be made within twenty (20) days of the date herein.

      **PLEASE TAKE FURTHER NOTICE** that the foregoing is a continuing demand and if any additional information is obtained after the date of this demand, such information is to be furnished to the undersigned pursuant to said demand.

      **PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this demand, the undersigned will seek dismissal of this action and such other relief as the Court may deem just and proper.

Dated:  July 8, 2021
      New York, New York


                                   Yours, etc.

                 BY:   ***BELLA I. PEVZNER, Esq.***
                         BELLA I. PEVZNER, ESQ.
                         SOBEL PEVZNER, LLC
                         *Attorneys for Defendant*
                         **GRAND LUX CAFÉ, LLC.**

30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020


TO:   RYAN D. RAYDER, ESQ.
       BARRY, MCTIERNAN & MOORE LLC
       *Attorney for Plaintiffs*
       **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
       101 Greenwich Street, 14th Floor
       New York, New York 10006
       (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,       Index No.: 514670/2021

                            Plaintiffs,

 - against-                                      **DEMAND FOR
STATEMENTS**


GRAND LUX CAFÉ, LLC.,

                            Defendant.
-----------------------------------------------------------------------x

**PLEASE TAKE NOTICE**, that pursuant to CPLR Section 3101 et seq., the undersigned

attorneys for the Defendant hereby demand that Plaintiffs furnish within twenty (20) days of

service of this notice the following:

- The original of each and every statement and other writing taken or received by said Plaintiffs or their representative attorneys, agents or representatives, from GRAND LUX CAFÉ, LLC., or any employee or agent of said Defendant and permitting said Defendant or the undersigned acting on behalf of said Defendant to inspect and copy such statement and writing.

       a) The aforesaid production may be compiled by sending a true copy of each aforementioned statement and writing to the undersigned within the time hereinbefore specified.

**PLEASE TAKE FURTHER NOTICE**, that in the event of your failure to comply with this

Notice, the undersigned will more to preclude Plaintiffs(s) or other opposing party from

introducing into evidence and from otherwise using each aforementioned statement and writing

for any purpose whatsoever, upon the trial of this action.

Dated:  July 8, 2021
       New York, New York

                             Yours, etc.

            BY:   ***BELLA I. PEVZNER, Esq.***
                             BELLA I. PEVZNER, ESQ.
                             SOBEL PEVZNER, LLC
                             *Attorneys for Defendant*
                             **GRAND LUX CAFÉ, LLC.**
                             30 Vesey Street, 8th Floor
                             New York, New York 10007

(212) 216-0020


TO:    RYAN D. RAYDER, ESQ.
          BARRY, MCTIERNAN & MOORE LLC
          *Attorney for Plaintiffs*
          **PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS**
          101 Greenwich Street, 14th Floor
          New York, New York 10006
          (212) 313-3600

INDEX: 514670/2021
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

PHEDRA SCHLIEFER-TOBIAS AND ROHAN TOBIAS,

                              Plaintiffs,

      -against -

GRAND LUX CAFÉ, LLC.,

                              Defendant.

**VERIFIED ANSWER**
**DEMAND FOR VERIFIED BILL OF PARTICULARS**
**NOTICE TO PRODUCE**
**EXPERT WITNESS DEMAND**
**MEDICAL DEMAND**
**DEMAND FOR DAMAGES**
**NOTICE TO TAKE DEPOSITION**
**DEMAND FOR SOCIAL NETWORKING INFORMAITON**
**NOTICE DECLINING SERVICE BY ELECTRONIC TRANSMITTAL**
**DEMAND PURSUANT TO SECTION 111 OF THE   MMSEA**
**NOTICE TO PRODUCE PHOTOGRAPHS**
**NOTICE FOR DISCOVERY AND INSPECTION OF INCOME TAX AND**
**EMPLOYMENT RECORDS**
**NOTICE FOR DISCOVERY AND INSPECTION FOR COLLATERAL SOURCE**
**REIMBURSEMENT**
**DEMAND FOR WORKERS' COMPENSATION RECORDS**
**NOTICE OF DISCOVERY AND INSPECTION OF BIRTH CERTIFICATE**
**DEMAND FOR STATEMENTS**

Signature (Rule 130-1.1-a)
*BELLA I. PEVZNER, ESQ.*

BELLA I. PEVZNER, ESQ.
SOBEL PEVZNER, LLC
***Attorneys for Defendant***
**GRAND LUX CAFÉ, LLC.**
30 Vesey Street, 8th Floor
New York, New York 10007
(212) 216-0020